MOELLER, Appellant, vs. MOORE, Respondent.

*October 20 — November 17, 1891.*

*Mortgages: Release of equity of redemption to mortgagee: Consideration.*

1. A release by a mortgagor to his mortgagee of the equity of redemption will be regarded with great jealousy by a court of equity, and will only be sustained if perfectly fair and for an adequate consideration.

2. In this case the mortgagor gave to his mortgagee a deed, absolute on its face, of the mortgaged property, which was worth $1,200. The only consideration was the cancellation of the mortgage debt of $250, and the assumption by the mortgagee of a prior mortgage on the property for $400. *Held,* that the transaction was not a fair one, and the mortgagor must be allowed to redeem.

APPEAL from the Circuit Court for *Douglas* County.

Action to redeem and compel reconveyance of certain real estate alleged to have been conveyed as additional security only for a pre-existing indebtedness from plaintiff to defendant secured by mortgage upon the same premises. The defendant claimed that the deed was intended to be, and was in fact, an absolute conveyance of the mortgaged premises upon consideration of a release of the mortgage debt and the assumption by defendant of a prior mortgage debt of $400 on the same premises.

The pleadings showed that at the time of the conveyance *Moore* held *Moeller's* note for $250 secured by mortgage upon the premises, and that there was a prior mortgage of $400 thereon held by a third party. The plaintiff testified that, a few days before the mortgage was due, he had a conversation with defendant at his place of business, in which defendant threatened to foreclose, and told plaintiff that the only way he could save anything out of the property was to deed it over to defendant, and then he would give him more time to redeem, and that if plaintiff could not redeem that fall he would buy his interest; and that in

pursuance of this conversation they went to a lawyer's office, and the deed was drawn and executed. It appears that plaintiff was twenty-three years of age. The defendant was not sworn on the trial, but the evidence of the attorneys in whose office the deed was drawn was to the effect that the plaintiff absolutely sold and conveyed the land to defendant in consideration of the cancellation of the $250 mortgage debt and the assumption of the $400 mortgage by *Moore*. The deed did not contain any assumption of nor reference to the $400 mortgage. The scrivener testified that he supposed this was an oversight on his part. The $250 note does not appear to have ever been surrendered to plaintiff. The mortgage was never canceled. Plaintiff testifies (and it was not denied) that a few days after the transaction he borrowed the money elsewhere, and offered to pay *Moore* his money and interest, but *Moore* refused to receive it. Thereupon this action was commenced. The only direct testimony as to the value of the premises was by two real-estate agents to the effect that they were worth $1,200 to $1,300 at the time of this transaction.

The circuit judge found the deed was an absolute conveyance in consideration of the cancellation of the mortgage to defendant and the assumption by him of the prior mortgage, and that the defendant became by virtue thereof the owner in fee of the premises in controversy; and judgment was entered dismissing the complaint. Plaintiff appeals.

For the appellant there was a brief by *B. F. Hutchins* and *Alexander Athey*, and oral argument by *Mr. Athey*. They cited *Lincoln v. Duke of Newcastle*, 12 Ves. 234; *Willett v. Winnell*, 1 Vern. 488; 1 Hilliard, Real Prop. (3d ed.), 399, sec. 31; *Conway's Ex'rs v. Alexander*, 7 Cranch, 218; *Russell v. Southard*, 12 How. 139; *Poindexter v. McCannon*, 1 Dev. Eq. 377; *Peugh v. Davis*, 96 U. S. 332; *Horn v. Keteltas*, 46 N. Y. 605; *Glover v. Payn*, 19 Wend. 518;

*Eaton v. Green*, 22 Pick. 526; *Hughes v. Sheaff*, 19 Iowa, 335; *Whitehead v. Hellen*, 76 N. C. 99; *Holridge v. Gillespie*, 2 Johns. Ch. 34; *Villa v. Rodriguez*, 12 Wall. 323; *Shekel v. Hopkins*, 2 Md. Ch. 89; Story's Eq. Jur. sec. 336; *Brown v. Dewey*, 1 Sandf. Ch. 64; *Henry v. Davis*, 7 Johns. Ch. 40; *Clark v. Henry*, 2 Cow. 324; *Wright v. Bates*, 13 Vt. 341; *Dougherty v. McColgan*, 6 Gill & J. 275; *Perkins v. Drye*, 3 Dana, 174; *Bloodgood v. Zeily*, 2 Caines' Cas. 124; *Wakeman v. Hazleton*, 3 Barb. Ch. 148; *Parsons v. Mumford*, id. 152; *McLeod v. Bullard*, 86 N. C. 210; *Spurgeon v. Collier*, 1 Eden, 59; *Vernon v. Bethell*, 2 id. 113; *Toomes v. Conset*, 3 Atk. 261; *Chapman v. Mull*, 7 Ired. Eq. 292; *Rockwell v. Humphrey*, 57 Wis. 416; *Wharf v. Howell*, 5 Bin. 499; *Hyndman v. Hyndman*, 19 Vt. 12; 4 Kent's Comm. 144; *Brown v. Gaffney*, 28 Ill. 158; *Robinson v. Cropsey*, 6 Paige, 481; *Marshall v. Stewart*, 17 Ohio, 356; *Webb v. Rorke*, 2 Sch. & Lef. 673; *Linnell v. Lyford*, 72 Me. 283; *Odell v. Montross*, 68 N. Y. 504; *Trull v. Skinner*, 17 Pick. 213; 2 Washb. Real Prop. ch. 16, sec. 1, par. 24; 8 Am. Law Reg. (N. S.), 603; *Prees v. Coke*, 6 Ch. App. 645, 649; *Wood v. Abrey*, 3 Mod. 417, 424; *McCormick v. Malin*, 5 Blackf. 509, 530; *Eaton v. Green*, 22 Pick. 526; Jones, Mortg. secs. 265, 272.

For the respondent there was a brief by *Reed, Grace & Rock* and *McGindley & Cotton*, and oral argument by *J. B. Cotton*.

Winslow, J.   Counsel for respondent admits that the legal principle is well settled that a deed absolute on its face may be shown to be a mortgage, but contends that another principle of law, which is equally well settled, stands in the way of plaintiff's recovery, to wit, that the proofs must be clear and convincing in order to entitle a court to find that a deed absolute on its face is in fact a mortgage.   Both of these propositions are undoubted law. They need neither argument nor the citation of authority.

But counsel is mistaken in supposing that the last proposition stands in the way of the plaintiff's right of action. Concede, as we do, that the evidence in this case is not of that clear, convincing, and satisfactory character which the rule requires in order to impress the deed with the character of a mortgage, and the transaction then becomes a voluntary release by a mortgagor to his mortgagee of his equity of redemption. Such a release is subject to a principle of equitable jurisprudence fully as well settled as the two rules above mentioned. That principle is that such a transaction will be regarded with great jealousy by a court of equity, and will only be sustained if perfectly fair and for an adequate consideration. 2 Washb. Real Prop. (5th ed.), pp. 65, 66; *Linnell v. Lyford,* 72 Me. 280.

Applying this principle to the case before us, and scrutinizing the evidence carefully, we find practically no consideration paid for the plaintiff's equity of redemption. According to the evidence, his equity was worth at least $550 over and above both mortgages. This he released for absolutely nothing. The assumption of the $400 mortgage (even supposing the proof to show that fact) could not reasonably be called a valuable consideration, certainly not an adequate one. The mortgage assumed was a first lien on property worth $1,200, and would most certainly be paid out of that property, so that practically, by its assumption, the plaintiff was no better off than he was before. The property would pay it before this transaction, and the property would pay it afterwards. The assumption was neither a gain to the plaintiff, nor a loss to the defendant, and this is all, in the way of a consideration, which can be found in the evidence. It was not valuable, it was not adequate, and, to crown all, it was left out of the deed. Without any consideration, it is manifestly impossible to call the transaction a fair one. The plaintiff was young and inexperienced, and virtually gave to his mortgagee a

valuable equity of redemption for absolutely nothing. The transaction cannot stand. The plaintiff must be allowed to redeem.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to render judgment for the plaintiff according to the prayer of the complaint.