ARTHUR KEITHLEY

*v.*

CHAUNCEY C. WOOD.

*Filed at Ottawa, June 19, 1894.—Rehearing denied, October Term, 1894.*

1. DEED ABSOLUTE—*proving a deed to be a mortgage.* Where land is conveyed in fee by a deed with covenants of warranty, and there is no condition or defeasance either in the deed or in a collateral paper, and parol evidence is resorted to for the purpose of establishing that the deed was given as a mortgage, such evidence must be clear and convincing, otherwise the presumption that the deed is what it purports upon its face to be must always prevail.

2. But where there is a conveyance by deed, and a defeasance in a collateral paper, or a contract for a resale, and the evidence leaves it in doubt whether the transaction was intended as a conditional sale or a mortgage, it will, as a general rule, be treated as a mortgage.

3. If there is an indebtedness or liability between the parties, either a debt existing prior to the conveyance, or a debt arising from a loan made at the time of the conveyance, or from any other cause, and this debt is left as still subsisting, not being discharged or satisfied by the conveyance, but the grantor is regarded as still owing and bound to pay it at some future time, so that the payment stipulated for in the agreement to reconvey is in reality the payment of this existing debt, then the whole transaction amounts to a mortgage, whatever language the parties may have used, and whatever stipulations they may have inserted in the instrument. On the contrary, if no such relation whatsoever of debtor and creditor is left subsisting, then the transaction is not a mortgage, but a mere sale and a contract of repurchase.

4. A. borrowed of B. $430, for which he gave his judgment note and mortgage on a tract of land, and afterward B. loaned to A. $100 additional, taking A.'s judgment note. The money not being paid, B. took judgment upon both notes. Afterward B. advanced to A. about $400 more, taking from A. and wife a warranty deed for the land, and gave back to A. a written agreement to convey back the land on payment of $937, by a day named, and B. gave an extension for the time of payment, stating that the money was due, and that he would grant no more extensions: *Held*, that the deed was a mere security for the payment of money.

5. WITNESSES — *competency of complainant's wife.* On a bill by a man seeking to have a deed made by him declared to be a mortgage and to redeem from the same, his wife is not a competent witness in his behalf.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria County; the Hon. T. M. SHAW, Judge, presiding.

This was a bill in equity brought by Chauncey C. Wood and Kate Wood, his wife, against Arthur Keithley, to redeem from an alleged mortgage, executed on the 1st day of November, 1889. It appears that Chauncey C. Wood was the owner of an undivided one-seventh of the southwest quarter of section 27, in Richwoods township, Peoria county, except the northeast quarter thereof, subject to the right of dower of his mother in the entire one hundred and twenty acres. The complainant had inherited this land from his father.

On July 13, 1889, Chauncey C. Wood borrowed of appellant $430.00 and gave his note therefor, securing the same by a mortgage, signed by him and his wife, upon the property in controversy.

In August of the same year he borrowed another $100 of appellant, giving his note therefor. These were both judgment notes, each drawing eight per cent interest and providing for an attorney fee, one of $30.00 and the other of $15.00.

On the 17th day of September, 1889, Keithley caused a judgment to be entered on the notes for $566.50. No steps were, however, taken to collect the amount due until November 1st, 1889, when Wood applied to Keithley for a further loan of money. What occurred between the parties which led to the execution of the deed and contract of November 1st, 1889, is a matter upon which the parties do not agree, Wood claiming that Keithley made him an additional loan, and took a deed to secure the loan, while Keithley claims that he purchased Wood's interest in the premises, and gave him a contract for a repurchase upon the payment of a certain sum of money at a specific time. But waiving for the present what the real transaction was which led to the execution of a deed and contract, it does appear that Keithley advanced Wood in the neighborhood of $400, in addition to what Wood then owed him, and Wood and wife executed and delivered a deed which read as follows:

"THIS INDENTURE WITNESSETH, that the grantors, Chauncey C. Wood and Kate, his wife, of the City and in the County of Peoria, and State of Illinois, for and in consideration of the sum of two thousand dollars, in hand paid, CONVEY and WARRANT to Arthur Keithley, of the village of North Peoria, County of Peoria, and State of Illinois, the following described real estate, to-wit: The west half ($\frac{1}{2}$) and the south half of the east half (s. $\frac{1}{2}$ of e. $\frac{1}{2}$) of the southwest quarter (s. w. $\frac{1}{4}$) of section twenty-seven (27), in Richwoods Township, situated in the County of Peoria,

in the State of Illinois, hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of this State.

Dated this November 1st, A. D. 1889.

CHAUNCEY C. WOOD, [SEAL.]

KATIE WOOD, [SEAL.]"

At the same time Keithley executed and delivered to Wood an agreement which read as follows:

'I agree to convey back to Chauncey C. Wood an undivided one-seventh interest in the southwest quarter of section twenty-seven (27), except the northeast quarter thereof, in Richwoods township, Peoria county, Illinois, provided, however, he first pay me nine hundred and thirty-seven and 50-100 dollars, this agreement to be void after December 31, eighteen hundred and eighty-nine." (Signed) "Arthur Keithley."

After the cause was at issue, the court referred it to the master in chancery, to take the evidence and report the same, together with his conclusions of law and fact. The master, in his report, found that Wood was, on the date of the transaction, the owner of an undivided one-seventh of the premises in dispute, subject to the life estate of his mother.

That on July 13, 1889, Wood borrowed of defendant the sum of $430.00, giving a judgment note therefor, and secured by mortgage upon said homestead property and said thirty-acre tract, and afterwards on August 15, 1889, Wood borrowed of defendant the further sum of $100.00, giving as security a judgment note.

That on September 17, 1889, defendant took judgment upon said notes for the amount of said notes, principal, interest and costs, including attorney's fee of $30.00.

That on November 1, 1889, the complainant, Wood, being indebted to defendant as aforesaid, and being in need of or desirous of obtaining more money, applied to defend-

ant for an additional loan; and that as the result of the negotiations between complainant and defendant, on said day, complainants, on the evening of said day, went to the office of defendant, and executed and delivered to defendant the deed conveying to defendant the homestead property.

That defendant thereupon canceled and discharged said indebtedness due from Wood to himself, and paid to complainant the difference between the amount of said indebtedness and nine hundred dollars, or, to-wit: the sum of $350.00, and also executed and delivered to complainant Wood the contract of reconveyance.

And said master finds that the execution of said deed, from complainant to defendant, and the written agreement or contract for reconveyance from defendant to complainant, constituted but one and the same transaction, and were intended as security for the repayment of said indebtedness from Wood to Keithley, together with the further sum of $37.50, being the amount of defendant's commission or profits in case of redemption.

Complainant, Chauncey Wood, was not deceived or cajoled into signing said deed by representations that the defendant had no blank mortgages, but signed the same, knowing it to be a deed with a contract to reconvey upon payment of the amount stated, and for the purpose before stated.

The master also found that on December 31, 1889, Wood applied to Keithley for and obtained an extension of the time until January 10, 1890. These findings were sustained and approved by the court, and a decree rendered in favor of the complainant. There were, however, findings in other matters not sustained by the court, but a reference to these findings is not regarded important to a proper decision of the case. Upon rendering a decree in favor of the complainant, the defendant appealed to the Appellate Court, where the decree was affirmed.

Mr. JAMES A. CAMERON, for the appellant:

Clear evidence is required to show a deed absolute on its face is a mortgage. *Wallace* v. *Johnstone*, 129 U. S. 58; Jones on Mortgages, sec. 260; *Perdue* v. *Bell*, 83 Ala. 396; *Glover* v. *Payne*, 19 Wend. 518; *Kerr* v. *Hill*, 27 W. Va. 677; *Smith* v. *Crosby*, 47 Wis. 160; *Calhoun* v. *Lumpkin*, 60 Tex. 185; *Henly* v. *Hotaling*, 41 Cal. 22.

That the conveyance and contract to reconvey is not a mortgage or mere security, see *Buse* v. *Page*, 32 Minn. 111; *Price* v. *Karnes*, 59 Ill. 276; *Hanford* v. *Blessing*, 80 id. 188; *Rue* v. *Dole*, 107 id. 275; *Bearss* v. *Ford*, 108 id. 20; *Carr* v. *Rising*, 62 id. 14; *Chandler* v. *Chandler*, 76 Iowa, 574; *Burnside* v. *Terry*, 45 Ga. 621; *Hayes* v. *Carr*, 83 Ind. 275; *Walker* v. *McDonald*, 49 Tex. 458; *Hicks* v. *Hicks*, 5 Gill & J. 75; Jones on Mortgages, sec. 267; *Randall* v. *Sanders*, 87 N. Y. 578.

Messrs. JACK & TICHENOR, for the appellees:

When the facts of the transaction leave it questionable whether a mortgage or conditional sale was intended, the doubt is to be resolved in favor of the theory of a mortgage. *O'Neill* v. *Capelle*, 62 Mo. 202; *Turner* v. *Kerr*, 44 id. 449; *Deslage* v. *Ranger*, 7 id. 427; *Brant* v. *Robinson*, 16 id. 129; *Heath* v. *Williams*, 30 Ind. 495; *Trucks* v. *Lindsay*, 18 Iowa, 504; *Cornell* v. *Hall*, 22 Mich. 377; *Ferris* v. *Wilcox*, 57 id. 105; *Rockwell* v. *Humphrey*, 57 Wis. 412; *Snavely* v. *Pickle*, 29 Gratt. 27; *Holton* v. *Meighan*, 15 Minn. 69; *Rich* v. *Doane*, 35 Vt. 125; *Klein* v. *McNamara*, 54 Miss. 90; *Russell* v. *Southard*, 12 How. 129; *Peugh* v. *Davis*, 96 U. S. 332; *Buck* v. *Buck*, 98 id. 514; *Pensoneau* v. *Pulliam*, 47 Ill. 58; *Workman* v. *Greening*, 115 id. 477; *Bearss* v. *Ford*, 108 id. 16.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

When this case was first submitted we were inclined to hold that the decree of the Circuit Court, and the judg-

ment of the Appellate Court were erroneous and a judgment of reversal was entered, but upon the petition of complainant a rehearing was ordered, and upon a further examination of the case, we have arrived at a different conclusion. At the time the deed and agreement were executed, no one was present but Wood and his wife and Keithley. They, and they alone, are the persons who know the facts under which the deed and contract were executed. Rejecting the testimony of Mrs. Wood, on the ground that she being the wife of the complainant is disqualified as a witness, we have complainant and defendant as the only witnesses testifying to the nature and character of the transaction. Wood testified in substance that he borrowed of Keithley, a certain amount of money in addition to the amount of the judgment Keithley held against him, and that the deed and agreement were executed as a mortgage to secure the payment of the amount agreed to be due, $937.50, and that a sale of the land was not made. On the other hand, Keithley testified that he purchased the land, paying therefor the amount named in the contract which was made up of the judgment he held against Wood and the balance in money which he paid at the time, that the agreement was given which authorized Wood to repurchase, as provided by its terms, and that the transaction was not a loan. It is thus seen that the testimony of the two parties, in regard to the matter in dispute, whether the transaction was intended as a loan, or a sale and resale is irreconcilable. Where land is conveyed in fee by a deed with convenants of warranty, and there is no condition or defeasance either in the deed or in a collateral paper, and parol evidence is resorted to for the purpose of establishing that the deed was given as a mortgage, such evidence must be clear and convincing, otherwise the presumption that the deed is what it purports upon its face to be, must always prevail. This principle is well established. In *Coyle* v. *Davis*, 116 U. S. 108, in discussing the question, the court said: "The conveyance

to Davis of the undivided one-third of Coyle, being to him, his heirs and assigns forever, with a covenant of warranty, and without a defeasance either in the conveyance or in a collateral paper, the parol evidence that it was to operate only as a mortgage must be clear and convincing, or the presumption that the deed is what it purports to be must prevail."

So, in the case of *Cadman* v. *Peter*, 118 U. S. 73, the court said: "If the conveyance is in fee, with a covenant of warranty, and there is no defeasance either in the conveyance or in a collateral paper, parol evidence that it was given to operate as a mortgage must be clear and convincing."

But where there is a conveyance by deed and a defeasance in a collateral paper, or a contract for a resale, and the evidence leaves it in doubt whether the transaction was intended as a conditional sale or a mortgage, it will, as a general rule, be treated as a mortgage.

In *Crosby* v. *Buchanan*, 81 Ala. 574, there was a deed and an agreement to reconvey, as is the case here. The court said: "The character of the deed must be determined by the intention of the parties, clearly and satisfactorily proved. When it is absolute, and only parol evidence is relied on, the party affirming that the conveyance was intended as a security for a debt, must show that such was the intention by clear and convincing evidence. But when it is admitted or shown by a separate written instrument, that the transaction is not an unconditional sale, as the deed imports, but either a mortgage or sale with right to repurchase, the court, in the interest of complete justice, is inclined to construe the transaction as a mortgage. Any doubt as to the intention will be resolved in favor of the construction that the conveyance is a security for a debt." Citing *Mitchell* v. *Wellman*, 80 Ala. 60. See, also, *Turner* v. *Wilkinson*, 72 Ala. 361; and *McNeil* v. *Noseworthy*, 39 id. 136.

In *Russell* v. *Southard*, 12 Howard, 145, where there was an absolute deed and an agreement to resell upon the payment of a specified amount at a certain time, on a bill to redeem, the court held the transaction to be a mortgage.    In the decision of the case the court said: "It is not to be forgotten that the same language which truly describes a real sale may also be employed to cut off the right of redemption in case of a loan on security; that it is the duty of the court to watch vigilantly these exercises of skill, lest they should be effectual to accomplish what equity forbids; and that, in doubtful cases, the court leans to the conclusion that the reality was a mortgage and not a sale." Citing, in support of what is said, *Conway* v. *Alexander*, 7 Cranch, 218; *Flagg* v. *Mann*, 2 Sumn. 533; *Secrest* v. *Turner*, 2 J. J. Marsh, 471; *Edrington* v. *Harper*, 3 id. 354; *Crane* v. *Bonnell*, 1 Green Ch. 164; *Robertson* v. *Campbell*, 2 Call. 421; *Poindexter* v. *McCannon*, 1 Dev. Eq. Cas. 373.

In the case first cited, Chief Justice Marshall, in delivering the opinion of the court, in plain terms declared, that doubtful cases have generally been decided to be mortgages.    See, also, *Peugh* v. *Davis*, 96 U. S. 332, and *Buck* v. *Buck*, 98 U. S. 514.

In Jones on Mortgages, sec. 279, the author says: "When it is doubtful whether the transaction is a mortgage or a conditional sale, it will generally be treated as a mortgage, although it is, in some of the cases, said that the transaction appearing upon its face to be a conditional sale, will be held to be such when no circumstances appear showing an intention that it should be considered a mortgage.    But generally courts of equity incline against conditional sales, and give the benefit of any doubt arising upon the evidence in favor of the grantor's right to redeem."    See, also, sec. 278.

In *O'Neill* v. *Capelle*, 62 Mo. 202, where there was a deed and a contract to resell; the court held, where the matter

was in doubt, the doubt would be thrown in favor of the theory of a mortgage.

*Trucks* v. *Lindsay*, 18 Iowa, 504, is a case in point. It is there said: "A resort, however, to a formal conditional sale, as a devise to defeat the equity of redemption, will, of course, be unavailing for that purpose. And the possibility of such resort, together with other considerations, has driven courts of equity to adopt as a rule, that when it is doubtful whether the transaction is a conditional sale or a mortgage, it will be held to be the latter."

In *Rockwell* v. *Humphrey*, 57 Wis. 412, the same doctrine is announced.

The Supreme Court of Virginia, in *Snavely* v. *Pickle*, 29 Gratt. 27, in discussing the question, said: "There is a well defined distinction between a mortgage and a conditional sale, but it is often very difficult to determine whether a particular transaction amounts to one or the other; and, after all, each case must be determined on its own circumstances, and in doubtful cases the courts incline to construe the transaction to be a mortgage rather than a conditional sale."

Substantially the same rule has been adopted in the following cases: *Holton* v. *Meighan*, 15 Minn. 69; *Rich* v. *Doane*, 35 Vt. 125; *Bacon* v. *Brown*, 19 Conn. 29; *Klein* v. *McNamara*, 54 Wis. 90.

In Pomeroy's Equity Jurisprudence, sec. 1194, the author lays down the rule, where there is a conveyance with an agreement to repurchase, the two papers taken together may be what on their face they purport to be—a mere sale with a contract to repurchase—or they may constitute a mortgage.

In sec. 1195 it is said: "A general criterion, however, has been established by an overwhelming consensus of authorities, which furnishes a sufficient test in the great majority of cases; and whenever the application of this test still leaves a doubt, the American courts, from obvious

motives of policy, have generally leaned in favor of the mortgage. This criterion is the continued existence of a debt or liability between the parties, so that the conveyance is in reality intended as a security for the debt, or indemnity against the liability. If there is an indebtedness or liability between the parties, either a debt existing prior to the conveyance, or a debt arising from a loan made at the time of the conveyance, or from any other cause, and this debt is still left subsisting, not being discharged or satisfied by the conveyance, but the grantor is regarded as still owing, and bound to pay it at some future time, so that the payment stipulated for in the agreement to reconvey is in reality the payment of this existing debt, then the whole transaction amounts to a mortgage, whatever language the parties may have used, and whatever stipulations they may have inserted in the instruments. On the contrary, if no such relation whatsoever of debtor and creditor is left subsisting, then the transaction is not a mortgage, but a mere sale and a contract of repurchase." The principle announced by the author was sanctioned by this court in *Rue* v. *Dole*, 107 Ill. 275, and the transaction there involved was held not to be a mortgage. But there is a clear distinction between that case and this one.

Here it is true that the $566.50 judgment held by appellant against Wood, and the mortgage previously given to secure the notes upon which judgment had been entered, were canceled, but after the execution of the warranty deed and the agreement to reconvey, was there no debt existing? While the debt assumed a new form when all the facts and circumstances are considered, we do not think it was paid and discharged, but, on the other hand, it was enlarged by appellant advancing an additional sum, increasing the amount from $566.50 to $937.50. The appellant himself testified: "When I handed him the deed to read it over, he said, 'this is a warranty deed, and you agreed to give me an agreement back,' and I said, 'yes, I will, but I can't draw them both at

once.' " If Wood had sold the land to appellant, and the transaction was a sale and not a mortgage, why should Wood object to a warranty deed. After appellant had receipted the indebtedness and paid over the additional sum advanced to Wood, he testified that the following occurred: I said, "Chauncey, now this is a matter of business, and you must look out for yourself. This contract means just what it says, that you have got to pay me back this money within that time or you will not get any chance to pay it back afterwards—the property is mine." He said, "Don't you worry a bit about that. You will get your money a long time before it is due." I said, "Very well."

It is apparent from this conversation that the parties both understood that there was a debt existing, one insisting that the money should be paid back on a specified date, the other affirming it would be paid before due.

Again, appellant testified that Wood came to his office on December 31, and said: "I am not able to pay you back that money to-day." I said, "Chauncey, this is the last day, the money is due, and you know what I told you when you took it." He said, "Well, I know that, but I did not sell the thirty acres." And he says, "I want a little more time."

Appellant also testified that Wood, referring to the thirty-acre tract, said, "Your option expires on the 10th of January," he says, "Now, give me a chance to rebuy the interest in the home place until that option expires." I said, "Well, I will do it; but now Chauncey, I will tell you for the last time that you get no further extensions out of me. You are not in the habit of paying your debts very promptly, and I have been a little easy with you, but this a finality; you will get no further extensions."

If no debt existed, what did appellant mean when he said, "the money is due, you know what I told you when you took it. I will extend the time, but you will get no further

extensions.'' There is another fact which indicates that the parties did not regard the transaction a sale. Wood owned only one-seventh of the one hundred and twenty acre tract of land, and that interest was subject to the dower interest of his mother, and yet the deed executed to appellant was a general warranty, purporting to convey the entire one hundred and twenty acre tract. If the deed was but a mortgage to secure the repayment of a small amount of money, which was expected to be repaid in a short time, Wood might well conclude that it was not necessary to be particular about describing the land accurately. On the other hand, if he was selling his undivided one-seventh interest, it is unreasonable to believe that he would be willing to execute a deed conveying lands that he never owned, where he could be held liable at once on his covenants of title. Whether a deed and an agreement to resell, like those in question, are to be regarded as an absolute sale, or as a mortgage, depends upon the existing facts and circumstances which led to their execution, and not upon the form the parties saw proper to give the transaction. Hence, the facts and circumstances surrounding the transaction may be proved by parol evidence, not for the purpose of contradicting the deed, but for the purpose of raising an equity paramount to its terms and conditions. *Carter* v. *Carter*, 5 Texas, 93; *Purviance* v. *Holt*, 3 Gilman, 394. Here Wood testified that the transaction was a loan, and the deed executed as security. And we are inclined to the opinion that the facts and circumstances tend to establish the correctness of his version of the transaction. But even if the matter was left in doubt, which is as favorable a view as can under all the facts be taken of the question, under the rules of law established by the authorities, the court would be compelled to hold that the deed was a mortgage. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*