(96 N. W. 310.)

---

FREDERICK D. WELLS AND MARY DREW WELLS *v.* JACOB GEYER AND MARIAN GEYER.

Opinion filed August 8, 1903.

### Deed As Mortgage.

1. An absolute deed and a contemporaneous agreement to sell and reconvey lands between the same parties for equal considerations, repayment to be made in future payments at 8 per cent interest, time being of the essence of the contract to reconvey, construed, and *held* to constitute a mortgage.

### Surrender of Right of Redemption.

2. A subsequent agreement by the mortgagor in possession to surrender possession and relinquish right to redeem, made by mutual mistake, and without adequate consideration, *held* not enforceable.

Appeal from District Court, Grand Forks county; *C. J. Fisk,* Judge.

Action by Frederick B. Wells and another against Jacob Geyer and another. Judgment for defendants, and plaintiffs appeal.

Affirmed.

*Guy C. H. Corliss,* for appellants.

The evidence is not of such conclusive character as is required to change an absolute deed into a mortgage. *Lee* v. *McGuin,* 10 N. D. 160, 86 N. W. 714. The release of a vendor from further obli-

gation to pay the purchase price under the contract, is a sufficient. consideration for a release by the vendee of the obligation to convey the land. *Kevello* v. *Taylor,* 5 N. D. 76, 63 N. W. Rep. 889; Bishop on Contracts, Sec. 812-813; Clark on Contracts, 192; Anson on Contracts, 338; Lawson on Contracts, 392; Rev. Codes 3931-3932. The obtaining of an undisputed right in place of a controverted right, constitutes ample consideration, even if it afterwards turns out that the right was entirely with one of the parties; that he had really given away something of value. 6 Am. & Eng. Enc. Law, 713; *McGlynn* v. *Scott,* 4 N. D. 18, 58 N. W. Rep. 460. The release given by Geyer to Wells being not an executory agreement, but an executed cancellation, no consideration is necessary to support it. It is only executory agreements in respect to which a consideration is necessary. This is apparent from the very nature of the case. 1 Parsons on Cont. 6; *Sturgis* v. *Crowningshield,* 4 Wheaton 197, 4 L. Ed. 118; Bishop on Cont., Sec. 22; 1 Chitty on Contracts, 7; Clark on Cont., 2. The only way in which Geyer and wife could get rid of the release was by a proceeding to set it aside as void. *Och* v. *Missouri, etc., R. R. Co.,* 31 S. W. Rep. 962; *Vandervelden* v. *R. R. Co.,* 61 Fed. Rep. 54; *George* v. *Tait,* 102 U. S. 564, 26 Law Ed. 232; *Hormith* v. *Ry. Co.,* 129 Mo. 629; *Papke* v. *Hammond Co.,* 61 N. E. 910. Equity will not relieve for a mistake of law. *Benson* v. *Bunting,* 127 Cal. 532, 59 Pac. Rep. 991; *Kirschener* v. *New Home, etc., Co.,* 135 N. Y. 182, 31 N. E. Rep. 1104; *Kleimann* v. *Gieselmann,* 114 Mo. 437; *Snell* v. *Atlantic Ins. Co.,* 98 U. S. 85, 25 L. Ed. 52; *Robinson* v. *Smith,* 11 Tex. 211, 2 Pom. Eq. Jur. 842, 846, 847.

*Campbell & Radcliffe* and *Templeton & Rex,* for respondents.

Upon offering to pay full amount of the debt due the plaintiff with interest, defendants were entitled to be relieved from forfeiture. Rev. Codes, Sec. 4970; *Barnes* v. *Clement* (S. D.), 81 N. W. Rep. 301; *Frank* v. *Thomas,* 25 Pac. Rep. 717. It is doubtful if a stipulation for retention of payments as liquidated damages can be enforced in this state. Rev. Codes, Sec. 3923, 3924; *Barnes* v. *Clement, supra.* The vendee is held to as strict compliance with the conditions of the contract by him to be performed as the vendor to his. 2 Warvelle on Vendors, 815; *Case* v. *Walcott,* 33 Ind. 5, 20, 22, Rev. Codes 3776. Accepting payments subsequent to mailing notice of intention to forfeit, was a waiver of the right to rely

upon such attempted forfeiture. *Pulman* v. *Cheney*, 25 N. W. Rep. 495; *White* v. *Atlas Lumber Co.*, 68 N. W. Rep. 359; *Hutchins* v. *Munger*, 41 N. Y. 155; *O'Rourke* v. *Hadcock*, 114 N. Y. 541, 22 N. E. 33; *Stewart* v. *Cross*, 66 Ala. 22; *Allen* v. *Woodruff*, 96 Ill. 11, 20; Warvelle on Vendors, Sec. 819; *Ross* v. *Page*, 11 N. D. 458, 92 N. W. Rep. 822. Tender of a deed is unnecessary when the vendee forfeits for an installment, and there are other payments not due at time of forfeiture; but if all the installments are then due, such attempted forfeiture is of no effect, unless a tender of deed has been made. *Eddy* v. *Davis*, 116 N. Y. 247, 22 N. E. 362; *McCroskey* v. *Ladd*, 31 Pac. 558; *Underwood* v. *Tew*, 34 Pac. 1100; *Tronson* v. *Colby University*, 9 N. D. 559, 84 N. W. Rep. 474; Black on Modern Law of Contract, Sec. 913. The attempted forfeiture was ineffectual, as plaintiffs did not offer to return defendants' notes until long after the latter had tendered the full amount due under the contract. *Frank* v. *Thomas*, 25 Pac. 717; *Luaboda* v. *Cheney*, 28 Fed. 500; *Comstock* v. *Brosseay*, 65 Ill. 39; *Staley* v. *Murphy*, 47 Ill. 24. Plaintiff could not forfeit the contract without returning the payment on the contract, as the latter contained no stipulation that in case of default all payments might be retained as liquidated damages. *Staley* v. *Murphy, supra,* Rev. Codes, Sec. 3934, Sub. 2; *Barnes* v. *Clement*, 81 N. W. Rep. 301, Rev. Codes 4970, 3923, 3924. The release was without legal effect, the same having been executed under a mutual mistake of the law, Rev. Codes, sections 3836, 3841, 3843, 3844, 3852, 3854; *Arnett* v. *Smith*, 11 N. D. 55, 88 N. W. Rep. 1037, 1042; *Wheeler* v. *Smith*, 9 How. 55, 13 L. Ed. 44; *Gregory* v. *Clabrough Ex'rs*, 62 Pac. 72; *Benson* v. *Markoe*, 37 Minn. 30, 33 N. W. 38; *Lane* v. *Holmes*, 55 Minn. 379, 57 N. W. Rep. 132. Under the facts of the case the order of the court permitting the service and filing of the second answer was not error. *Martin* v. *Luger Furn. Co.*, 8 N. D. 220, 77 N. W. 1003; *Bowers* v. *Thomas*, 22 N. W. Rep. 710; *Whipple* v. *Fowler*, 60 N. W. Rep. 15; *Neale* v. *Neale*, 9 Wall. 1 (U. S.) 19 L. Ed. 590; *Wiggins Ferry Co.* v. *O. & Miss. R. Co.*, 142 U. S. 396, 35 L. Ed. 1055; *Barnes* v. *Heklo Ins. Co.*, 39 N. W. Rep. 122; *Wells* v. *World's Dispensary*, 120 N. Y. 630, 24 N. E. Rep. 276; *Fowler* v. *Bowery Savings Bank*, 113 N. Y. 450, 21 N. E. Rep. 172.

The release was without legal effect because it was not based upon an adequate consideration. So far as this proposition is concerned, it is immaterial whether the original transaction was a con-

·ditional sale or mortgage. If a conditional sale, defendants were ·equitable owners of the land and their equitable rights were similar to those of a mortgagor. *Shelly* v. *Mikkelson,* 5 N. D. 22, 63 N. W. Rep. 210; *Nearing* v. *Cook,* 6 N. D. 345, 70 N. W. Rep. 1044; *Plummer* v. *Kelly,* 7 N. D. 88, 73 N. W. Rep. 70; *St. Paul & T. Lumber Co.* v. *Bolton,* 32 Pac. 787; *Church* v. *Smith,* 39 Wis. 492; *Northrup* v. *Trask,* 39 Wis. 515; *Superior, etc., Land Co.* v. *Nichols,* 51 N. W. Rep. 878; *Wells* v. *Francis,* 4 Pac. 49; *Connor* v. *Banks,* 52 Am. Dec. 209; *Moses Bros.* v. *Johnson,* 16 Am. St. Rep. 58; *Moor* v. *Anders,* 60 Am. Dec. 551; *Strickland* v. *Kirk,* 51 Miss. 795; *Miller* v. *Miller,* 25 N. J. Eq. 354.

Deed, and a contemporaneous agreement to reconvey, on payment of debt due from grantor to grantee, at time of conveyance, is conclusively presumed to be a mortgage. *Clark* v. *Landon,* 90 Mich. 83, 51 N. W. Rep. 357; *Watkins* v. *Williams,* 31 S. E. Rep. 388; *Kelly* v. *Leachman,* 29 Pac. 849; *Snow* v. *Pressey,* 82 Me. 522, 20 Atl. 78; Jones on Mortgages, 5th Ed: 244; Gunn's Appeal, 10 Atl. 498; *Weisham* v. *Hocker,* 54 Pac. Rep. 464; *Frey* v. *Campbell,* 3 S. W. Rep. 368.

When the evidence leaves the mind of the court in doubt, the transaction should be held a mortgage. *Jeffrey* v. *Robbins,* 167 Ill. 357, 47 N. E. Rep. 725; *Book* v. *Beasley,* 40 S. W. Rep. 101; *Niggeler* v. *Maurin,* 34 Minn. 118, 24 N. W. Rep. 369. The latter case approved in *O'Toole* v. *Omlie,* 8 N. D. 444, 79 N. W. Rep. 849.

GLASPELL, J. The plaintiffs bring this action to recover the possession of certain lands, of which they claim to be owners. The defendants present, as an equitable defense, the contention that the deed by which such lands were conveyed by the defendants to the plaintiffs, and the contemporaneous agreement by which it was agreed that they were to be reconveyed to defendants, constitute merely a mortgage, which authorized them to retain possession and to redeem. The defendants have not waived their right to a jury trial upon the issue respecting plaintiffs' right to possession; still the determination of the equitable issues in favor of the defendants has put an end to the litigation, and obviates the necessity of trying the legal issues involved. *Arnett* v. *Smith* (N. D.), 88 N. W. 1037. This action was tried to the court without a jury, and is brought to this court for trial *de novo,* under section 5630, Rev. Codes 1899.

The defendant Geyer was in possession, and farmed the lands in question as a tenant during the farming season of 1899 and for a number of years prior thereto. During the fall of that year he had so far concluded negotiations with the then owner of the land for its purchase at an agreed price of $6,000 that a deed had been executed running to Geyer and wife, and deposited in Grand Forks, to be delivered upon payment of the purchase money. The land was then worth between $8,000 and $10,000, and at the time of the trial it was probably worth $12,000. Geyer did not succeed in securing the money necessary to pay the purchase price until he applied to one McWilliams, who represented the plaintiff Wells, and the latter agreed on or about December 13, 1899, to furnish Geyer the money necessary to pay his vendors, upon the condition that Geyer and wife would execute and deliver to him an absolute deed of the premises. Wells at the same time, and as part of the same transaction, agreed to make a separate written contract to reconvey to Geyer upon payment of $5,750, with 8 per cent interest, in certain future payments. Wells furnished $6,000 to pay the former owners, of which sum of money Geyer contributed and paid Wells $250. The former owners then conveyed to Geyer, and he conveyed to Wells, and the latter agreed to reconvey upon the payment of $5,750. Geyer failed in making payment at the time stipulated, and, time being stated as of the essence of the contract, Wells attempted to declare a forfeiture and to recover possession. After receiving notice declaring a forfeiture and to vacate the premises, Geyer and wife executed, on January 21, 1902, in consideration of the plaintiffs permitting them to occupy the said premises until April 1, 1902, an agreement in writing, wherein they admitted failure to pay a note for $500, due November 1, 1900, and other defaults, and agreed to remove from said premises and to surrender the possession thereof and to abandon the further occupancy, use, or control thereof. The defendants contend that the deed and contract to reconvey constitute a mortgage, and that the later agreement stipulating for a surrender of the premises was made by mutual mistake of law, and without consideration.

The first question for consideration is whether the original transaction between these parties constituted a loan of money merely, or an absolute conveyance of title. To declare the deed and contract to reconvey a mortgage requires a showing that is clear, satisfactory, and specific. *Jasper* v. *Hazen,* 4 N. D. 1, 58 N. W. 454,

23 L. R. A. 58; *McGuin* v. *Lee,* 10 N. D. 160, 86 N. W. 714. The evidence and circumstances in this case satisfy us beyond hesitation or substantial doubt that it was the intention of these parties to make and receive a loan of money. The transaction created the relation of mortgagor and mortgagee between Geyer and Wells. Supporting this view is the positive testimony of Geyer, who began oral negotiations about September 20, 1890, with McWilliams, the authorized agent of Wells. Geyer - swears that McWilliams told him that Mr. Wells would let him have the money at 8 per cent straight, provided he would give a deed of the farm, as security. It was understood by and between Geyer and McWilliams, who represented Wells, that the deed and contract to reconvey were intended merely as security. This evidence is uncontradicted. McWilliams does not testify, nor is his silence explained. A similar omission was said in *O'Toole* v. *Omlie,* 8 N. D. 444, 79 N. W. 849, to be significant and important. Wells claims that he bought the land. He was seeking for investment, "not only for interest, but for prospective profit." He says further: "Q. Did you expect, at the time you put your money in it, to get control of that land? A. I felt practically certain of it, although I was perfectly willing to give the man a chance to pay for his land. Mr. McWilliams, in laying the proposition before me, stated that the chances were nine out of ten in favor of my getting the land sooner or later; otherwise I should not have felt inclined to make a contract to sell the land to Mr. Geyer at identically the price which I paid for it." In answer to another question he replies, "I felt that, if I did not get the land, I would get the interest on the money." He apparently knew that Geyer regarded the transaction as a loan. In writing to Geyer on November 14, 1899, he said, "As you know, I have volunteered to assume the indebtedness of $5,500 on your farm." Again, on November 22d, he writes that the interest must be 8 per cent per annum, and says: "I am taking this deed as an accommodation to you, as well as an investment for myself, and I do not care, after I have carried you for four or five years, to have some other parties step in and take the deal off my hands by shading the interest rate a trifle. I am willing to carry you through until the farm is paid for in accordance with the contract, at this rate, and I cannot see how it will work any hardship against you." Before the execution of the contract for a deed, Geyer had paid Wells $250, leaving the amount to be advanced by the latter $5,750. It

is plain that Wells himself considered his deed as a security at the time it was executed and delivered, however much he then may have thought that he would ultimately acquire title to the property. Such being the mutual understanding, the case is brought within the provision of section 4701, Rev. Codes 1899: "Every transfer of an interest in property, other than in trust, made only as a security for the performance of another act, is to be deemed a mortgage." In *Peugh* v. *Davis,* 96 U. S. 332, 24 L. Ed. 775, Field, J., delivering the opinion, says: "It is an established doctrine that a court of equity will treat a deed absolute in form as a mortgage when it is executed as security for a loan of money. That court looks beyond the terms of the instrument to the real transaction, and, when that is shown to be one of security, and not of sale, it will give effect to the actual contract of the parties. As the equity upon which the court acts in such cases arises from the real character of the transaction, any evidence, written or oral, tending to show this, is admissible." Under the evidences and circumstances in this case, and especially considering the particular circumstances, viz., that the value of the property was much greater than the sum of money advanced by the plaintiffs, the embarrassed financial condition of the defendants, the agreement to pay 8 per cent interest, the deed and sale contract being contemporaneous and for the same consideration, we find no difficulty in concluding that the relation between the parties to this action is that of mortgagor and mortgagee. This conclusion finds support in the following cases: *O'Toole* v. *Omlie,* 8 N. D. 444, 79 N. W. 849; *Niggeler* v. *Maurin,* 34 Minn. 118, 24 N. W. 369; *King* v. *McCarthy,* 50 Minn. 222, 52 N. W. 648; *Yankton Bldg. & Loan Ass'n* v. *Dowling* (S. D.), 74 N. W. 438; *Saunders* v. *Ayers* (Neb.), 88 N. W. 526; *Huscheon* v. *Huscheon* (Cal.), 12 Pac. 410; *Beebe* v. *Wis. etc., Mfg. Co.* (Wis.), 93 N. W. 1103; *Voss* v. *Eller,* 109 Ind. 260, 10 N. E. 74; *Clark* v. *Woodruff* (Mich.), 51 N. W. 357; *Keithley* v. *Wood,* 151 Ill. 566, 38 N. E. 149, 42 Am. St. Rep. 265.

Plaintiffs, because of defaults in payments which were due, sought to gain possession by notice addressed to and served upon the defendants, declaring a forfeiture, and requiring defendants to vacate the premises. Acting under the mutual mistake of law that the defendants' rights could be thus forfeited, the agreement was made, as already stated, that the Geyers might remain in possession until April 1, 1902, when they should vacate, and surrender all rights

and claims in or to the land. Afterward they repudiated the agreement, continued in possession, and claimed that such agreement was made by mutual mistake of law, and wholly without consideration. Both plaintiffs and defendants construed the contract to mean that the defendants' rights might be forfeited for default in the manner that was attempted. It was not understood by either of the parties that a period of redemption remained during which the mortgagee was entitled to remain in possession. The permission granted to the defendants to remain in possession until April 1, 1902, was not a consideration, since it granted no right or privilege which they did not already possess. The agreement referred to purported to surrender more than the mere possession of the mortgaged premises, which might be done without a new consideration. Section 4722, Rev. Codes. In effect it declared the transaction between the parties to be an absolute deed and conditional sale, and the latter forfeited without the right of redemption. In truth, the agreement was a mortgage that entitled the mortgagors to the possession of the mortgaged premises, and a period of one year after foreclosure sale for redemption. While the right of redemption may be surrendered, such must be the intention of the parties, and grounded on a new and adequate consideration. Equity will not recognize an agreement to waive the right of redemption, where such agreement is made simultaneously with the execution of the mortgage In *Peugh* v. *Davis,* 96 U. S. 337, 24 L. Ed. 775, the court said: "It is an established doctrine that an equity of redemption is inseparably connected with a mortgage; that is to say, so long as the instrument is one of security, the borrower has, in a court of equity, the right to redeem the property upon the payment of the loan. This right cannot be waived or abandoned by any stipulation of the parties made at the time, even if embodied in the mortgage. This is a doctrine from which a court of equity never deviates. Its maintenance is deemed essential to the protection of the debtor, who, under pressing circumstances, will often submit to ruinous conditions, expecting or hoping to be able to repay the loan at its maturity, and thus prevent the conditions from being enforced and the property sacrificed." According to the agreement to surrender or release, made January 21, 1902, Geyer was owing Wells about $6,050, and he was granted permission to remain in possession until April 1, 1902, when he should vacate and surrender all rights in or to the mortgaged lands, including his right of redemption.

The premises were ample in value to secure the debt, and, as we have seen, Wells parted with nothing of value, and Geyer received no advantage or benefit whatever. The contract is, therefore, unsupported by an adequate consideration. It has not been executed by either party. Geyer repudiated the agreement before the time came to move out, and retained possession; and Wells retained the Geyer notes until some time after such repudiation. The release was signed January 21, 1902, and on February 10th following Geyer tendered money sufficient to pay the mortgage debt. Wells held the notes until March 21, 1902, before offering to return them. He could not retain the notes and at the same time claim that defendants had executed a release and had no further rights under the contract. *Svaboda* v. *Cheney* (C. C.), 29 Fed. 500 504; *Comstock* v. *Brosseau*, 65 Ill. 39, 43. It has been judicially determined that such transactions will be regarded with great jealousy by courts of equity, and will only be sustained if perfectly fair, and for an adequate consideration. *Moeller* v. *Moore* (Wis.), 50 N. W. 396; *Odell* v. *Montross*, 68 N. Y. 504; *Baugher* v. *Merryman*, 32 Md. 192; *Bradbury* v. *Davenport* (Cal.), 46 Pac. 1063, 55 Am. St. Rep. 92; *Jones* v. *Franks* (Kan.), 6 Pac. 789.

The trial court found that defendants did not receive adequate consideration for the execution of the waiver or relinquishment, and allowed the defendants, or either or them, to redeem. A sufficient tender of payment being made, the final judgment declares that the defendant Marian A. Geyer is the true and lawful owner of the premises in controversy, and such judgment is affirmed.

Young, C. J., and Morgan, J., concur. Cochrane, J., having been of counsel in the court below, took no part in deciding the case; S. L. Glaspell, Judge of the Fifth Judicial District, sitting in his stead.