FIRST STATE BANK OF GRACE CITY, a Corporation, Respondent, v. JAMES J. McGRATH, H. A. Owenson, Clayton W. Hall, and Foot-Schulze & Company, a Foreign Corporation. CLAYTON W. HALL, Appellant.

(206 N. W. 999.)

**Mortgages — evidence held to support finding that plaintiff was authorized to insert its name as grantee in warranty deed and hold it as security for debt.**

For reasons stated in the opinion, it is held, that the evidence supports the findings of the trial court to the effect that the plaintiff was authorized to insert its name as grantee in a warranty deed, and to hold the completed instrument, as security for a debt.

Opinion filed December 29, 1925.

Mortgages, 41 C. J. § 123 p. 354 n. 62.

Appeal from the District Court of Foster County, *Coffey,* J. Affirmed.

*Hoopes & Lanier,* for appellant.

*Kelly & Morris,* for respondent.

JOHNSON, J. This is an action to have an instrument, in form a warranty deed, adjudged a mortgage and for a foreclosure thereof.

The complaint alleges and the court found that the defendant Owenson executed a warranty deed, without a named grantee, conveying lot 8, block 11, in the town of Grace City, and delivered the instrument to the plaintiff, on or about July 23, 1918; that it was delivered under a special agreement of the same date. This agreement is made a part of the complaint. The parties to the special agreement are defendants Owenson and McGrath. It is recited therein that whereas there are clouds upon the title to the land above described which can be corrected only by a lawsuit, the following agreement is made until the title can be cleared; that the deed of some land in Minnesota from McGrath to Owenson be left in escrow with the First State Bank until the title to lot 8, supra, shall appear satisfactory to both parties. It

is further stipulated that if the title to the lot can not be made acceptable, the title to the land in Minnesota shall remain in McGrath until a satisfactory settlement is made. It is agreed that in no event may more than the actual damages be collected by either party and that the First State Bank shall hold the deed until both signers authorize a delivery.

It is alleged, further, that the First State Bank accepted the deed and the special agreement and retained possession thereof until November 19, 1919; that on the last-named date, McGrath was indebted to the plaintiff bank in approximately $2,000 (the court found the indebtedness to have been $2,450), and that on this date the defendants, Owenson and McGrath, agreed with plaintiff that its name should be inserted as grantee and the deed, as thus completed, delivered to it; that the deed from this date should be held by the plaintiff as security for any indebtedness due, or to become due, from McGrath to the plaintiff. (The instrument was evidently delivered with a view to possible future advances, or credit). That on the 19th day of November, 1919, McGrath executed to plaintiff an agreement referred to as "a security contract" which is also, by reference, incorporated in the complaint. The "security contract" recites that the plaintiff has extended credit from time to time to McGrath and that consequently the parties thereto agree, there being a deal pending between Owenson and McGrath wherein three deeds are left in escrow in the First State Bank, that such deeds "shall be left in blank until the completion of the deal;" that these deeds shall remain in the possession of the bank and "shall be deeded in trust to said bank in case that anything should happen to said James J. McGrath, and shall so remain until the indebtedness is paid or otherwise disposed of satisfactorily between said First State Bank and James J. McGrath and McGrath Bros." The security contract further provides that the "equity owned by the First State Bank shall be strictly limited to indebtedness due them from above named James J. McGrath and McGrath Bros., and any other equity shall be given to the estate or others as the amount should appear. In other words, above deeds left as collateral security only and not as a valid title without recourse as above stated."

The complaint further alleges and the court found that on November 13, 1920, the deed to the lot in Grace City was recorded in the

office of the register of deeds; that on January 7, 1922, the plaintiff and the defendants McGrath and Foot-Schulze Company executed an agreement, known as an "agreement as to trust deed land" which is incorporated by reference in the complaint. This agreement will be hereinafter described as the ·trust agreement. In the opening paragraph of the trust agreement it is recited that there is a contract between McGrath and Owenson, relative to lot 8, supra, and that the trust agreement is entered into because the title to this lot is in litigation. In the trust agreement the property is valued at $6,000. It is stipulated that if Owenson cannot perfect title, McGrath shall receive from Owenson, a second mortgage in the amount of $6,000, subject to the $5,500 first mortgage, on some land in Roseau county, Minnesota. The mortgage is to be executed as soon as the litigation is completed, unless title be perfected, and shall run for two years. It is then recited that inasmuch as McGrath is indebted to the plaintiff bank, and "whereas the First State Bank of Grace City holds the trust deeds to the above described properties, (the lot in suit in Grace City and the land in Minnesota) and whereas the said McGrath owes the Foot-Schulze Company various sums of money, under the firm name of McGrath Bros., or James J. McGrath, the following is understood; That said title to the above land is to be protected for the two creditors in the order hereafter given and in the amount specified. The indebtedness due the First State Bank being $2,450, . . . and the Foot-Schulze Company having an indebtedness of $1,800 or thereabouts. Now this land shall be held in trust by said bank until the contract of Owenson and McGrath has been completed at which time the two creditors shall be protected for the amount specified and the same in the order given above. It is understood that the above amount · constitutes the amount due at the time, but does not intend to be construed as any future advances and any deductions made shall be credited on above amounts due. It being understood that this contract shall be construed to be a mortgage on the above property given in the form of a trust deed to secure the amounts above noted. It being understood that no transfer shall be made as above specified until all parties hereto have been notified and have opportunity of protecting their respective rights." This agreement was signed on January 7, 1922, by McGrath, the plaintiff, and by Foot-Schulze & Company.

It is then alleged that on January 7, 1922, McGrath executed a promissory note to plaintiff in the sum of $2,450, due December 1, 1922, and that plaintiff is the owner and holder of the note, no part of which has been paid; that this note represents the indebtedness to which reference has heretofore been made; that McGrath is still indebted to the Foot-Schulze Company on the indebtedness heretofore described and claims an interest in the property; and that such interest or lien, if any, is subsequent and inferior to the interest of the plaintiff. The complaint contains the usual and formal allegations for the foreclosure of a mortgage upon real property and the prayer for relief appropriate in such a proceeding.

The defendant Hall answers claiming, in substance, to be a redemptioner from a sale under a foreclosure of a mortgage that was prior to the trust deed and denies specifically the allegations which have been summarized. The answer contains an allegation suggesting a fraudulent violation of the escrow agreement for the purpose of obtaining title to the property. This paragraph of the complaint reads:

"This. defendant charges that the plaintiff has been from the beginning of the transaction, out of which this law suit has grown, cognizant of every instrument which has been executed and as this defendant is advised and believes these instruments were drafted by the said O. Ramsland, the executive officer of the plaintiff Bank, and this defendant charges that the bank in undertaking to have the title to the land in question vested in itself for its benefit *has acted fraudulently* *and in violation of the express terms of the escrow agreement.*"

The case was tried to the court. The court found that the allegations of the complaint were substantially true. It was also found that on or about the 19th of November, 1919, the defendants McGrath and Owenson agreed that plaintiff's name be inserted as grantee in the deed and that from then on, the instrument should be held as security for the indebtedness of McGrath to plaintiff. The trial court found the making of the various agreements incorporated by reference in the complaint, and the execution and delivery of the McGrath promissory note; that McGrath was indebted to the plaintiff in the sum of $2,450; that the bank deed, conveying the lot in Grace City, was, by agreement of defendants McGrath and Owenson, completed and delivered to the plaintiff as a mortgage to secure such indebtedness; and

that the interests of the defendants Hall, Owenson and Foot-Schulze & Company in the premises were all subsequent and inferior to the lien of the plaintiff.

Judgment was accordingly entered in favor of the plaintiff for a foreclosure and directing the sale of the premises in satisfaction of the indebtedness; Foot-Schulze Company, was given the right to redeem.

Defendant Hall appeals and sets forth twenty-one specifications of errors. Appellant says that these specifications may be considered under two general heads; first, the refusal of the trial court to admit evidence of fraud on the part of the plaintiff bank as escrow holder of the deeds; and second, because the court erred in holding that the warranty deed was a mortgage. The position of the appellant Hall is that he should have been permitted to prove fraud and that, in any event, granting that the ruling of the trial court on this point was correct, the conclusion cannot be supported by anything in the record, that the deed was intended to or that it was agreed it should be a mortgage to secure the note executed by McGrath on January 7, 1922.

Defendant Hall claims to be an assignee of McGrath.

The trial court excluded all evidence of fraud on the ground that no such issue was made by the pleadings. The allegation relied on by Hall as a sufficient foundation for the introduction of evidence of fraud, has been set forth, supra. Owenson and Foot-Schulze Company did not appear or answer, and judgment by default was accordingly entered against both.

The right of the plaintiff to foreclose and to treat the deed as a mortgage, rests largely upon the interpretation to be given the so-called security contract, and the testimony of Ramsland, plaintiff's cashier, and McGrath. The plaintiff contends that it was authorized to insert its own name as grantee, to record the instrument and to hold and enforce the same as a mortgage.

The trial court correctly excluded the proffered evidence of fraud. The only allegation suggesting fraud, is limited to the conduct of the plaintiff with reference to the escrow agreement. Treating the allegations as a sufficient foundation for the introduction of evidence of fraudulent conduct with respect to that agreement, a matter however, open to serious doubt. It is clear that the complaint is devoid

of any claim of fraud against the defendant Hall, or of which he can complain. There is no hint in the complaint of collusion between the plaintiff and the defendants Owenson and McGrath. He claims as a redemptioner, under a certificate issued to him by the sheriff of Foster county, on May 29, 1924. The name of the plaintiff had been inserted in the deed, as grantee, a long time prior to the execution of the redemptioner's certificate. Moreover, the defendants, McGrath and Owenson, defaulted; McGrath testified as a witness for the plaintiff and stated expressly that the plaintiff was authorized to insert its name in the deed as grantee, and that it was the intention of the parties that the instrument thus completed, be held as security. Hall, as assignee of McGrath, redeemed from a foreclosure sale made pursuant to a mortgage which was a lien prior to the trust deed; the nature or the date of the assignment from McGrath to Hall do not appear; Hall claims as redemptioner and under an instrument dated long after the plaintiff inserted its name by express authority from McGrath and Owenson and while Owenson was still the owner of the premises; this instrument, with the name of the plaintiff as grantee inserted therein, had been recorded before Hall redeemed.

The record shows that McGrath was indebted to the plaintiff when the security contract was executed as well as at the time of the trial. The testimony shows that the note executed on January 7, 1922 evidences fully and correctly the indebtedness intended by all the parties to be secured by the warranty deed in which plaintiff inserted its name. On this point the testimony of Ramsland, plaintiff's cashier, is very specific; and the testimony of McGrath is to the effect that after consultation with Owenson, it was agreed that the deed should run directly to the bank, and that Owenson was fully satisfied with and consented to the arrangement.

We are of the opinion that the testimony abundantly supports the findings of the trial court. The plaintiff was authorized by McGrath, with the knowledge and approval of Owenson, to insert its name as grantee in the instrument sought to be foreclosed in this action; and the bank held and holds the instrument, although in form a warranty deed, as security for an indebtedness which at the time of its execution was owing from McGrath to the plaintiff. The instrument, therefore, although a deed in form, having been given to secure a debt, is in fact

a mortgage, under §§ 6727 and 6729, Comp. Laws 1913; and that the instrument was intended to operate as a security for a debt, may be shown by evidence aliunde is, of course, not open to question in this jurisdiction. Wells v. Geyer, 12 N. D. 316, 96 N. W. 289; Smith v. Hoff, 23 N. D. 37, 135 N. W. 772, Ann. Cas. 1914C, 1072; Dean v. Smith, ante, 123, 204 N. W. 987.

The judgment of the trial court is affirmed.

CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, and NUESSLE, JJ., concur.