State Bank of St. Charles, Appellee, v. James H. Burr, Appellant.

Gen. No. 9,004.

Opinion filed January 17, 1936.

JAMES H. BURR, *pro se;* FRANCIS M. LOWES, of Chicago, of counsel.

HEMPSTEAD & GREEN, of St. Charles, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

The State Bank of St. Charles started a forcible entry and detainer suit in the justice of the peace court in Kane county, against the defendant James H. Burr for the possession of certain property in said county. It was tried before a justice who held in favor of the plaintiff. The defendant appealed the case to the circuit court of Kane county. On motion of the plaintiff the appeal was dismissed and the case brought to this court for review. We held that the appeal was properly brought and we reversed and remanded the

case. The mandate of the Appellate Court was filed in the circuit court and by agreement it was tried before the court without a jury.

The plaintiff introduced in evidence a lease for the premises signed by the defendant, a written demand for payment of rent claimed under the lease which was then due and unpaid, and the complaint of forcible detainer filed in the justice peace court. He also introduced evidence tending to show that there was rent due and that a demand had been made for the same on several different occasions which had not been paid. The defendant introduced in evidence a quitclaim deed signed by himself and wife, conveying the premises in question to the plaintiff. This deed was dated September 14, and acknowledged on September 15, 1931. He also introduced in evidence an option to repurchase the land in question upon payment of certain sums of money. This option was also dated September 15, 1931, and filed for record in the recorder's office of the county of Kane, on the same date.

The plaintiff's Exhibit 3 is a statement of account rendered to the defendant by the plaintiff for the premises in question. Defendant's Exhibit 4, is a notice from the defendant Burr to the plaintiff denying that the lease in question was a good and valid one, but was a mortgage, and that the plaintiff had no right to the possession of the property. There was other evidence introduced by each of the parties which will not be discussed at this time. The court found the issues in favor of the plaintiff and entered judgment for its possession of the property. From this judgment the defendant has perfected an appeal to this court.

It is the contention of the appellee that the lease in question is a valid and existing lease; that the relation of landlord and tenant existed between the parties; that the proof shows that the defendant had not paid the stipulated rent, therefore under the Forcible Entry

and Detainer Act they could maintain this action. The appellants insist that the lease, deed and option to repurchase the property should all be construed together, and when this is done it shows that the lease and deed were not in reality a lease and deed but a mortgage, and the only way that the appellee could gain possession of the property would be for the defendant to default in the payment of the mortgage indebtedness, or some part thereof, followed by a suit in a court of record to foreclose the mortgage. It is conceded by the parties to this litigation that if this instrument is to be construed as a valid lease, and the evidence shows that there is unpaid rent due on the premises, and that a proper demand has been made for the same, then the plaintiff can maintain this action. The only difference between the parties appears to be the construction to be given these instruments.

In the case of *Keithley v. Wood,* 151 Ill. 566, the Supreme Court of this State had the same question before them. After reviewing many cases, they announced two rules that they have followed in the later decisions. The first is as follows: ''Where there is a conveyance by deed and a defeasance in a collateral paper, or a contract for a resale, and the evidence leaves it in doubt whether the transaction was intended as a conditional sale or a mortgage, it will, as a general rule, be treated as a mortgage.''

In the latter part of the opinion the court uses this language: ''The Supreme Court of Virginia, in *Snavely v. Pickle,* 29 Gratt. 27, in discussing the question, said: 'There is a well defined distinction between a mortgage and a conditional sale, but it is often very difficult to determine whether a particular transaction amounts to one or the other; and, after all, each case must be determined on its own circumstances, and in doubtful cases the courts incline to construe the transaction to be a mortgage rather than a conditional sale.'

"In Pomeroy's Equity Jurisprudence, sec. 1194, the author lays down the rule, where there is a conveyance with an agreement to repurchase, the two papers taken together may be what on their face they purport to be—a mere sale with a contract to repurchase—or they may constitute a mortgage.

"In sec. 1195 it is said: 'A general criterion, however, has been established by an overwhelming consensus of authorities, which furnishes a sufficient test in the great majority of cases; and whenever the application of this test still leaves a doubt, the American courts, from obvious motives of policy, have generally leaned in favor of the mortgage. This criterion is the continued existence of a debt or liability between the parties, so that the conveyance is in reality intended as a security for the debt, or indemnity against the liability. If there is an indebtedness or liability between the parties, either a debt existing prior to the conveyance, or a debt arising from a loan made at the time of the conveyance, or from any other cause, and this debt is still left subsisting, not being discharged or satisfied by the conveyance, but the grantor is regarded as still owing, and bound to pay it at some future time, so that the payment stipulated for in the agreement to reconvey is in reality the payment of this existing debt, then the whole transaction amounts to a mortgage, whatever language the parties may have used, and whatever stipulations they may have inserted in the instruments.' '' The same quotation may be found in the case of *Illinois Trust Co. v. Bibo*, 328 Ill. 252.

An examination of the option, introduced in evidence, discloses that the consideration to be paid for the reconveyance of the land from the defendant to the plaintiff is a mortgage indebtedness which is payable from the defendant to the bank and secured by two trust deeds. The officer of the bank who was called by the

plaintiff to establish its case testified that they did not have the notes but they had been delivered he thought to the attorney. He does not say that the trust deeds or notes had been canceled or delivered to the defendant. The defendant testified positively that he never had received the notes nor the trust deed.

Part of the option is as follows: ''That the said party of the second part, or his assigns, shall pay to the party of the first part upon the exercise of this option, First: All monies which may then be due to the party of the first part upon five notes executed by the said party of the second part and his wife, aggregating Eighteen Thousand Dollars ($18,000.00) dated May 5th, 1927, and secured by trust deed to John W. Chaffee, Trustee, of the same date, and recorded May 18th, 1927, in Recorder's office of Kane County, Illinois, in Book 844, page 453. Second: All monies which may then be due to the first party upon the note of said party of the second part and his said wife, dated January 30th, 1929, and secured by trust deed to J. W. Chaffee, Trustee, recorded in the Recorder's office of said county January 31, 1929, in Book 899, Page 113.''

It seems to us that there can be no question from the wording of this option, but that at the time it was executed the plaintiff held possession of these notes and trust deed, and intended to hold them until they were paid, and that the indebtedness that originally existed from the appellant to the appellee had not been canceled.

There is some difference in the evidence of the officer of the bank and the defendant as to whether these papers were all executed at the same time. The papers bear the same date. It is true that the deed on its face shows that it was signed on September 14, and was acknowledged on September 15, the same day that the lease was executed. It is our conclusion that the lease,

the deed and the option should all be construed together to ascertain the intention of the parties at the time these instruments were executed, and it is our opinion, that construing them together, this lease should be held to be a mortgage and the action of forcible entry and detainer cannot be maintained.

The judgment of the circuit court of Kane county is reversed.

*Reversed.*