**Thomas E. Graham and Katherine Graham, Appellees, v. Logan L. Mullins, Appellant.**

**Gen. No. 9,091.**

Opinion filed September 3, 1936.

GERALD C. SNYDER, of Waukegan, for appellant.

JOHN V. MOORADIAN and BERNARD DECKER, both of Waukegan, for appellees.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

This was a suit in equity by appellees to redeem certain premises from appellant on the grounds that the title held thereto by appellant was held by him as mortgagee. The court entered decree in favor of appellees. This appeal follows.

Appellees were the owners of the premises in question. The same were then subject to a mortgage indebtedness. The mortgage was foreclosed and the premises sold thereunder for $2,047.76. Appellees' statutory period of redemption, as mortgagors, had expired. Appellant was a judgment creditor of appellees, on a $320 note. Prior to the expiration of 15 months, he redeemed the premises from the foreclosure sale.

Appellees had solicited appellant to loan them the money to redeem, or to take such action on their behalf in order that they might later repay him and thus save their farm. It appears that they had made efforts to secure the money necessary for the redemption, before going to see appellant, but that the parties with whom they had been negotiating were at that time unable to obtain possession of the necessary cash. Appellant, at the solicitation of appellees, made redemption of the premises as aforesaid, on next to the last day of the 15-month period, and executed and delivered to appellees a contract for the resale of the premises, a portion of which is as follows:

"WHEREAS, I, Logan L. Mullins of Chicago, Illinois, have obtained a judgment in the Circuit Court of Lake County, Illinois, against Thomas E. Graham, and,

"WHEREAS, it is my desire and intention to exercise my legal rights as holder of such judgment for the purpose of redeeming the real estate hereinafter described owned by the said Thomas E. Graham, from the foreclosure sale upon a certain mortgage dated December 17, 1928 and recorded in the Recorder's Office of Lake County, Illinois, in Book 417 of Mortgages, on page 16, as Document No. 329387, which mortgage was foreclosed in a cause entitled Merchants & Farmers Bank, a corporation, vs. Thomas E. Graham, et al., in the Circuit Court of Lake County, Illinois, Gen. No. 31155; and

"WHEREAS, it is my intention to permit the said Thomas E. Graham to purchase said real estate from me if and in the event I acquire the same by such redemption or purchase of any certificate of sale;

"Now, THEREFORE, in consideration of the sum of Ten Dollars ($10.00) to me in hand paid by the said Thomas E. Graham of Round Lake, Illinois, I do hereby give to the said Thomas E. Graham, his heirs and assigns, the privilege of purchasing on or before

the 15th day of February, A. D. 1935, the following described real estate, situated in the County of Lake and State of Illinois, to-wit:''

Then follows the description of the premises together with the price to be paid, and fixing as the date for resale, February 15, 1935. Appellees instituted this suit at the March term, 1935, of the circuit court of Lake county, to compel appellant to convey the premises to them in accordance with the terms of the contract of resale.

Cases dealing with bills in equity to redeem from alleged mortgages, under circumstances similar to those existing in this case, are numerous. Where land is conveyed in fee by deed, and there is no condition or defeasance either in the deed or in a collateral paper, parol evidence may be resorted to for the purpose of establishing that the deed was given as a mortgage. *Keithley v. Wood,* 151 Ill. 566, 572, 578. And in the same case at p. 573, it is said: ''But where there is a conveyance by deed, and a defeasance in a collateral paper, or a contract for resale, and the evidence leaves it in doubt whether the transaction was intended as a conditional sale or a mortgage, it will, as a general rule, be treated as a mortgage.'' To the same effect are the cases of *Illinois Trust Co. v. Bibo,* 328 Ill. 252, 256, 257; and *State Bank of St. Charles v. Burr,* 283 Ill. App. 337. It is competent to show by parol that a sheriff's deed was intended as a mortgage, between the owner of the premises and the purchaser thereof. *Trogdon v. Trogdon,* 164 Ill. 144. In this case at p. 148, it is said: ''The fact that the assignment of the certificate of sale and the sheriff's deed purport to convey absolutely to appellant the appellee's interest in the land here in question is not conclusive of their true character, for it is competent to show by parol evidence that they were in fact intended as a mortgage.''

To the same effect is the case of *McDonnell v. Holden,* 352 Ill. 362, 369.

It is apparent from the position of appellant in his testimony that he treated the contract for resale more in the nature of a conditional sale agreement, and considered February 15, 1935, which was the date fixed for the resale, as an absolute bar of all rights of appellees under the contract, providing the money was not actually paid on or before said date. Evidence on behalf of appellees is to the effect that they went to see appellant in company with Dr. Charles F. Gettsinger, on February 15, 1935, for the purpose of paying to appellant the money necessary to redeem the property. It was proposed at that time by these parties that the doctor give to appellant his check for $1,000 and return with the balance in cash within not less than 48 hours. Appellant then stated that the contract was expiring on that day, and refused to further discuss the matter. With respect to this contention of appellant, it has been said that, "the date named in the writing for the payment of the amount due, simply fixed the time when appellant might foreclose his lien." *Trogdon v. Trogdon, supra,* p. 148.

From an examination of the record in this case, our conclusion is that the decree of the trial court was right, and it is accordingly affirmed.

The abstract as filed by appellant is incomplete. The cost of additional abstract filed by appellees is to be taxed against appellant.

*Decree affirmed.*